UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF DALLAS
DALLAS, TX

| | | |
|---|---|---|
| **OBAH MOHAMED**<br><br>*Plaintiff,*<br><br>*v.*<br><br>**SUNDANCE BEHAVIORAL HEALTH CARE, INC**<br><br>*Defendant* | & & & & & & & & & & & & & & | Civil Action No.<br><br>_____ |

**PLAINTIFF'S ORIGINAL
COMPLAINT AND JURY DEMAND**

The Plaintiff, Obah Mohamed, [hereinafter referred to as "Plaintiff"], complains of Sundance Behavioral Health Care, Inc. [hereinafter referred to as "Defendant"], as follows:

**PARTIES**

1. Plaintiff is a former employee of the Defendant. She is a citizen and a resident of the state of Texas, USA. She resides in the city of Grand Prairie, Dallas County, Texas, USA.

2. Sundance Behavioral Health Care, Inc is a Texas corporation, conducting business in the state of Texas at various locations. Cause of action alleged in the

instant Complaint occurred in whole or in part at the places of business owned and operated by Defendant in the cities of Fort Worth, TX.

3. Defendant Sundance Behavioral Health Care, Inc In may be served with process by serving its registered agent in Texas – Puskoor M. Kumar – Sundance Behavioral Health Care, Inc at 2707 Airport Freeway, Fort Worth TX 76111 or at their alternate address of 7000 US Hwy 287, Arlington TX 76001.

## VENUE AND JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), and 28 U.S.C. §1337. This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. as amended by the Civil Rights Act of 1991 [Title VII]. The Complaint seeks declaratory relief pursuant to 28 U.S.C. §§2201, 2202.

5. Venue is proper because Plaintiff has been subjected to unlawful employment practices committed at business and/or office location operated and/or controlled or with access granted to Sundance Behavioral Health Care, Inc in the State of Texas,.

6. This is also a suit authorized and instituted pursuant to 42 U.S.C. § 1981.

7. This is a proceeding for compensatory and punitive damages, injunctive and other legal and equitable relief available to secure the Plaintiff's rights under Title VII and 42 U.S.C. § 1981. It is brought to prevent Defendant from maintaining policies, practices, customs or usages of discriminating against Plaintiff in regard

*Plaintiff Obah Mohamad's*
*Original Complaint*

2

to terms, conditions, and privileges of employment in violation of Title VII and 42 U.S.C. § 1981.

### FACTUAL HISTORY AND TITLE VII CLAIMS

8. On March 2, 2015, Plaintiff was hired as a Program Therapist PRN by the Defendant.

9. On or about March 4, 2015 Plaintiff attended the orientation and was required to take a urine drug screen test on site along with other new hires. One of the officers of the company - Renato Mijatovic, Human Resource Representative - was directing the group of newly hired employees for this purpose. He provided Plaintiff a cup (without any label) and instructed her to leave the cup in the restroom with Plaintiff's urine sample. While giving Plaintiff instructions about the test, he was also taking employee ID pictures of other individuals who were present for TB screening. Plaintiff complied with the instructions given to her. After leaving the sample in the bathroom, Plaintiff observed that various individuals were trying to use the rest room and there was no way to ensure that the sample she left in the bathroom will not be tampered with.

10. While Plaintiff's test was being examined, a registered nurse was asked to view it since there was a 'problem' in the sample. Hearing this, another employee - also in the orientation - remarked that "this happens all the time." Since individuals were able to hear a problem with the test. Plaintiff asked "what happens all the time" to which she stated "your positive drug results." Plaintiff was verbally told that **she tested positive for drugs** in an open room filled with other employees in such a

way that all those who were present were able to and in likelihood did actually hear the comment.

11. Out of the group of about 20 employees, Plaintiff was the only person whose privacy interest was violated by loudly announced false results of her urine test in front of several other individuals alleging that Plaintiff had tested positive for drug screening. This was done publicly and in an accusatory and humiliating manner.

12. The officer of the company asked Plaintiff about her drug usage. Plaintiff was publicly asked if she was on medication, taking amphetamines, while also suggesting there were other drugs found in her specimen.

13. HR representative ordered Plaintiff to leave the premises and asked her to get her blood tested at Concentra - an independent medical services facility.

14. Plaintiff was the only one in the group of 20 who was subjected to this humiliating treatment. She contacted HR to obtain more information regarding the suggested blood drug screening at Concentra, since none was provided.

15. Later that day, Plaintiff went to Concentra (as suggested by Defendant's employee). Staff at Concentra informed Plaintiff that Defendant's account with Concentra was in an inactive states and pre-employment blood testing was something they did not perform. Plaintiff called different locations of Concentra to confirm there was no blood testing. Plaintiff also contacted two other medical service facilities similar to Concentra. Plaintiff received similar responses from those facilities as well. Plaintiff contacted Quest Diagnostics located on 52224 S.

State Highway 360, Suite 225 Grand Prairie TX 75052 and CareNow Located at 2520 I20 Frontage Road.

16. Plaintiff contacted the HR director Ms. Angela Burris to inform her of the events of the day. Ms. Burris expressed the opinion that Plaintiff's phone call and her story was too convoluted. She also implied that Plaintiff was not able to comprehend her role as a program therapist. She also stated "... she was busy & did not have time to continue this conversation..."

17. Plaintiff was proactive and got a chain of custody to obtain a urine drug screen and hair sample which concluded that there were no negative results. The medical facility suggested that a 10 panel urine sample would be the most accurate along with the hair sample. The person stated a blood sample would only detect any levels of drugs for that day. Plaintiff wanted a complete and accurate result that would be able to detect beyond that, therefore, she paid for an additional hair sample to ensure the employer that she was not under the influence of any drugs. The information was faxed to the employer immediately pending both results. There was no apology or communication with the employer regarding their false test. (please provide additional details here).

18. Given the fact that the independent test results showed that Plaintiff's bodily fluid samples did not have any trace of any drugs, Plaintiff contends that false charges of drug usage were made against her in violation of her protected rights based on her gender, race and religion. Fake drug test results and false charges of drug use were a pretext to create hostile work environment for her to force her to quit.

*Plaintiff Obah Mohamad's*
*Original Complaint*

5

19. Plaintiff has made several attempts to follow the procedure with due diligence to demonstrate that was not under the influence of any drugs. Despite several attempts to gain an explanation by the company, The plaintiff was dismissed and the Human Resources Director implied that the Plaintiff could not comprehend her job position or is currently under the influence. The Plaintiff is a licensed Professional Counselor- Intern and is 30 hours pending completion of full licensure in the State of Texas. The situation was humiliating and the Plaintiff felt discriminated and dismissed despite reasonable questions being asked. The condescending use of the Plaintiff's last name was also used throughout the conversation with Mrs. Burris .

20. Plaintiff is a Muslim, African-American female. She is a member of protected groups within the meaning of Title VII.

21. At all times material to this action, Defendant employed at least fifteen (15) employees and is an employer within the meaning of Title VII.

22. All conditions precedent to the filing of this suit have been met:

   A. On June 15, 2015 Plaintiff filed a charge of discrimination No. 450-2015-02322, with the Equal Employment Opportunity Commission alleging race, color and religious discrimination;

   B. On November 4, 2015 EEOC issued Notice of Right to Sue. Instant complaint is being filed before the expiration of allowed 90 days period from the date of receipt of Notice of Right to Sue from EEOC.

23. Plaintiff alleges that Defendant Sundance Behavioral Health Care, Inc through its officer, representatives, agents, supervisors, managers and/or employees, engaged

in a course of discriminatory conduct in the terms, conditions, and privileges of employment, during her brief employment, because of her race/color (African American), religion (Muslim), sex (female) and/or in retaliation for her opposition to discriminatory employment practices in violation of Title VII:

A. Defendant exhibited favor or preference for Caucasian and/or non-Muslim workers, non-African-American employees, including by: failing to apply employee rules and/or performance standards equally; threatening Plaintiff, through its agents named elsewhere in this Complaint, with intimidation, verbal and/or non verbal abuse and insult; leveling, implying and or expressly making false allegation of drug use and attempting to undermine Plaintiff's credibility by making an unfounded allegations of drug abuse.

B. Defendant, through its agents, officer, representatives, supervisors and/or employees, in a continuing course of conduct, committed, authorized, condoned, and/or ratified unwelcome verbal &/or physical conduct and/or abusive conduct based on Plaintiff's race, religion & color, which created an intimidating, hostile and/or offensive work environment and altered the terms of Plaintiff's employment:

   1) Defendant, by or through its agents, supervisors and/or employees knew or should have known of harassing conduct against Plaintiff;

*Plaintiff Obah Mohamad's*
*Original Complaint*

2) Defendant did not have any harassment reporting and complaint filing procedures, or if it had such procedures, the procedures were inadequate and ineffective;

3) Defendant dissuaded employees from filing complaints of discrimination, and otherwise failed to ensure that employees that utilized such procedures would be free from retaliation, and thus Sundance Behavioral Health Care, Inc did not take measures, or took ineffective measures, to prevent, correct or remedy harassment conduct, and ensure that it did not occur again;

4) Plaintiff suffered tangible harm, including loss of her employment, as a result of the hostile work environment created for her because of false allegation of drug use and other harassment activities she was subjected to.

24. Defendant engaged in the conduct described above intentionally or with malice or reckless indifference to the Title VII employment rights of its employees including Plaintiff.

### 42 U.S.C. § 1981 CLAIM

25. Plaintiff incorporates herein all the allegations of discrimination and retaliation listed in this Complaint.

26. Plaintiff alleges that Defendant discriminated against her in the making of a contract of employment, on the same terms it offered to non-African-American, non-Muslim employees and/or employees that did not protest discrimination.

*Plaintiff Obah Mohamad's*
*Original Complaint*

8

Such refusal was undertaken for the purpose of interfering with and avoiding the protected rights of Plaintiff and the contractual obligations of Defendant in violation of 42 U.S.C. § 1981.

27. Defendant's actions in discriminating against Plaintiff, including Plaintiff's loss of employment, were intentional acts of racial, religious and color discrimination in violation of 42 U.S.C. § 1981.

28. Defendant's actions were undertaken for the specific purpose of interfering with and avoiding the contractual obligations of the Defendant employer and the contractual rights of Plaintiff, in violation of 42 U.S.C. § 1981.

## RELIEF REQUESTED

29. Plaintiff requests that this Court grant him the following relief :

   A. A declaratory judgment against Defendant, declaring their past practices herein complained of to be unlawful under Title VII and 42 U.S.C. § 1981;

   B. A permanent injunction, enjoining Defendant from continuing to discriminate against Plaintiff on account of her race, religion, and color, in violation of Title VII;

   C. Back pay, front pay, health benefits, and any other relief necessary to compensate Plaintiff for her damages pursuant to his Title VII and 42 U.S.C. § 1981 claims;

   D. Compensatory and punitive damages including damages for mental anguish, humiliation, loss of privacy, loss of reputation and emotional distress relating to Plaintiff's Title VII and 42 U.S.C. § 1981 claims to the maximum amount prescribed by law;

E. Implementation of a clear and effective grievance procedure for employment discrimination complaints with an effective non-retaliation provision and advisement to all employees of Defendant of such grievance and non-retaliation provisions;

F. Attorney fees from Defendant for the prosecution of his Title VII and 42 U.S.C. § 1981 claims;

G. Costs for the prosecution of the Title VII and 42 U.S.C. §1981 claims, including the cost of hiring legal counsel as well as expert witness fees;

H. Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

30. Such other general relief to which Plaintiff is justly entitled.

## JURY DEMAND

31. Plaintiff demands a jury on all Title VII and 42 U.S.C. §1981 claims as well as all related expenses.

**Dated:** November 30, 2015                           **Respectfully Submitted,**

/s/Naim Haroon Sakhia

**Naim Haroon Sakhia,
Attorney for Plaintiff
CA Bar # 250818
Sakhia Law Group
101 E. Park Blvd # 600
Plano, TX 75074
Tel: 972 359 9274
Facsimile: 972 516 3798
Email: info@BillionLaws.com**

*Plaintiff Obah Mohamad's
Original Complaint*

10